```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF MINNESOTA
                Civil No. 15-2286(DSD/KMM)
```

Steven L. Wirtz,

       Plaintiff,

v.                                                                   **ORDER**

JPMorgan Chase Bank, N.A. and
Specialized Loan Servicing, LLC,

       Defendant.

      Daniel M. Eaton, Esq. and Christensen Law Office, PLLC, 800 Washington Ave. N., Suite 704, Minneapolis, MN 55401, counsel for plaintiff.

      Jared M. Goerlitz, Esq. and Peterson, Fram & Bergman, PA, 55 East 5th Street, Suite 800, St. Paul, MN 55101, counsel for defendant.

This matter is before the court upon defendant Specialized Loan Servicing, LLC's (SLS) letter requesting permission to file a motion to reconsider. Based on a review of the file, record, and proceedings herein, and for the following reasons, the court grants in part SLS's letter request.

**BACKGROUND**

The background of this case is fully set forth in the court's summary judgment order. The court recites only those facts necessary to resolve the instant letter request. On May 9, 2016, the court granted summary judgment to plaintiff Steven L. Wirtz against SLS on his claims under the Real Estate Settlement Procedures Act (RESPA) and the Minnesota Mortgage Originator and

Servicer Licensing Act (MOSLA), and granted summary judgment to SLS on the remaining claims. ECF No. 41. SLS then filed a letter requesting permission to file a motion to reconsider.

## DISCUSSION

### I. Standard of Review

Motions to reconsider require the express permission of the court and will be granted only upon a showing of "compelling circumstances." D. Minn. LR 7.1(j). A motion to reconsider should not be employed to relitigate old issues but rather to "afford an opportunity for relief in extraordinary circumstances." Dale & Selby Superette & Deli v. U.S. Dep't of Agric., 838 F. Supp. 1346, 1348 (D. Minn. 1993).

### II. Conflated Qualified Written Requests

SLS first argues that the court improperly conflated two of Wirtz's Qualified Written Requests (QWRs) by using information from one QWR to find a RESPA violation of another QWR.[1] SLS is incorrect. The court first cited Wirtz's QWR from November 8, 2013, in the context of determining that SLS violated RESPA by failing to provide requested information. Then, two paragraphs later, the court quoted Wirtz's QWR from November 12, 2013, in the context of discussing SLS's duty to investigate. Thus, the court

---

[1] The court notes that SLS actually conflated Wirtz's QWRs by responding to three QWRs in a single letter.

referenced the two QWRs in two separate paragraphs addressing two separate issues; it did not use information from one QWR to find a RESPA violation based on another QWR.

**III. Loan Payment History**

SLS next argues that the court erred by stating that Wirtz provided bank statements from 2002. SLS asserts that Wirtz only provided bank statements from 2012 forward. The order states, however, that Wirtz provided "bank statements containing his loan payment history dating back to 2002," which set forth all his mortgage loan payments. ECF No. 41, at 8-9. The court's descriptive reference to loan payment documents as "bank statements" is neither error nor a compelling basis for reconsideration.

**IV. Admission and Damages**

Finally, SLS takes issue with the following statement from the court's order: "This mortgage dispute arises out of SLS's admittedly incorrect assertion that Wirtz was delinquent on his mortgage loan payments." ECF No. 41, at 1. SLS denies ever making such an admission and, upon further review, the court agrees. Indeed, the record does not establish whether Chase erred in applying Wirtz's payment to the loan's principal rather than in the mortgage's order of priority. Chase denies making such an error and SLS denies knowing whether Chase made such an error.

The absence of such an admission or determination of error

does not alter the court's finding that SLS violated RESPA or MOSLA. It does, however, implicate the relief available to Wirtz. As a result, the court grants SLS permission to file a motion to reconsider with respect to the following narrow issues: (1) whether the court can properly direct SLS to inform consumer reporting agencies that Wirtz is not delinquent on his mortgage loan; (2) whether the court can properly direct SLS to change its internal accounting to reflect no delinquency; and (3) whether Wirtz is entitled to recoup the $50.00 corporate advance fee.[2]

SLS shall submit its papers no later than 14 days from the date of this order, and Wirtz shall submit a response no later than 28 days from the date of this order. The parties shall limit their supporting memoranda to five pages each.

## CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED** that SLS's letter requesting permission to file a motion to reconsider [ECF No. 56] is granted in part as set forth above.

Dated: July 22, 2016

                                        s/David S. Doty  
                                        David S. Doty, Judge  
                                        United States District Court

---

[2] The court already ordered SLS to inform consumer reporting agencies that Wirtz was not delinquent, but the court has not yet ruled on the latter two issues.