UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 15-2286(DSD/KMM)

Steven L. Wirtz,

        Plaintiff,

v.                                             **ORDER**

JPMorgan Chase Bank, N.A. and
Specialized Loan Servicing, LLC,

        Defendant.

    Daniel M. Eaton, Esq. and Christensen Law Office, PLLC, 800 Washington Ave. N., Suite 704, Minneapolis, MN 55401, counsel for plaintiff.

    Jared M. Goerlitz, Esq. and Peterson, Fram & Bergman, PA, 55 East 5th Street, Suite 800, St. Paul, MN 55101, counsel for defendant.

    This matter is before the court upon defendant Specialized Loan Servicing, LLC's (SLS) motion for reconsideration and plaintiff Steven L. Wirtz's motion for damages and attorney's fees. Based on a review of the file, record, and proceedings herein, and for the following reasons, the court grants the motion to reconsider and grants in part the motion for damages, attorney's fees, and costs.

**BACKGROUND**

    The background of this case is fully set forth in the court's summary judgment and subsequent orders. The court recites only those facts necessary to resolve the instant motions.

I.    **Motion to Reconsider**

On July 22, 2016, the court granted SLS's request to file a motion to reconsider on the following narrow issues: (1) whether the court can properly direct SLS to inform consumer reporting agencies that Wirtz is not delinquent on his mortgage loan; (2) whether the court can properly direct SLS to change its internal accounting to reflect no delinquency; and (3) whether Wirtz is entitled to recoup the $50.00 corporate advance fee. Wirtz opposes the motion.

A.    **Injunctive Relief**

SLS argues that it should not be required to inform credit reporting agencies that Wirtz is not delinquent on his mortgage or to change its internal accounting to reflect no delinquency because Wirtz is not entitled to equitable relief. Wirtz responds that such equitable relief is available under the court's inherent authority and appropriate because the record establishes that he is not delinquent on his mortgage payments. As noted in the previous order, the record does not establish whether Chase erroneously applied Wirtz's payment. Indeed, neither the court nor SLS is in a position to make such a determination. It seems that Chase, with which Wirtz settled earlier in the litigation, is the only party that can resolve the issue definitively. As such, absent some indication by Chase that it erred in applying Wirtz's payment, the court will not order equitable relief. Further, as SLS notes,

RESPA - on which SLS's liability rests - appears to contemplate monetary relief only.  See 12 U.S.C. § 2605(f)(1) and (3).

### B.   Corporate Advance Fee

The parties agree that the award of $50 corporate advance fee is dependent on whether Chase misapplied the loan payment.  For the reasons just discussed, the court also finds that Wirtz is not entitled to recoup the corporate advance fee.

## II.  Damages

A servicer who fails to comply with RESPA is liable for "any actual damages to the borrower as a result of the failure," and statutory damages "in an amount not to exceed $2,000" if the court finds that there was "a pattern or practice of noncompliance."  12 U.S.C. § 2605(f)(1)(A)-(B).  A borrower injured by a MOSLA violation has the right to receive:  (1) actual, incidental, and consequential damages; (2) statutory damages equal to the amount of all lender fees included in the amount of the principal of the loan; (3) punitive damages if appropriate; and (4) court costs and reasonable attorney fees.  Minn. Stat. § 58.18, subdiv. 1.  Wirtz seeks damages under the first, third, and fourth prongs of MOSLA.

With respect to statutory damages, the court previously found that SLS engaged in a pattern or practice of noncompliance warranting statutory damages of $2,000.00 under RESPA.[1]  Wirtz also

---

[1]   The court previously found that Wirtz suffered actual damages of $80.00.

3

seeks $2,137.22 under MOSLA for all lender fees included in the amount of the principal of his loan. Minn. Stat. § 58.18, subdiv. 1(2). Wirtz adequately supports that figure with loan origination documents.[2] See Wirtz Aff. Exs. A and B. As a result, SLS is liable to Wirtz for $2,000.00 under RESPA and $2,137.22 under MOSLA.

## III. Attorney's Fees and Costs

The court exercises its discretion in determining the reasonable amount of attorney's fees. Greater Kan. City Laborers Pension Fund v. Thummel, 738 F.2d 926, 931 (8th Cir. 1984). "The starting point in determining attorney fees is the lodestar, which is calculated by multiplying the number of hours reasonably expended by the reasonable hourly rates." Haniq v. Lee, 415 F.3d 822, 825 (8th Cir. 2005) (citation and internal quotation marks omitted). In assessing the reasonableness of fees, the court considers:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the

---

[2] SLS has moved to strike Wirtz's MOSLA damages because the underlying documentation was not timely disclosed. Wirtz appropriately submitted his documentation at the court's request for briefing on damages. Accordingly, the court denies the motion to strike.

> results obtained; (9) the experience,
> reputation, and ability of the attorneys; (10)
> the "undesirability" of the case; (11) the
> nature and length of the professional
> relationship with the client; and (12) awards
> in similar cases.

Hensley v. Eckerhart, 461 U.S. 424, 430 n.3 (1983).  In calculating the reasonable number of hours expended, the court excludes hours that are "excessive, redundant, or otherwise unnecessary."  Id. at 434.

### A.   Reasonableness of Billing Rate

Wirtz requests up to $275 per hour for his attorneys and $85 per hour for law clerks and support staff.  That request is supported by an affidavit setting forth the education and experience of each billing person.  Eaton Decl. ¶¶ 1-15.  Wirtz's counsel also submitted an expert declaration attesting to the reasonableness of the hourly rates based on his experience, reputation, and ability.  Barry Decl. ¶¶ 29-37.

SLS objects only to the increase in hourly rates that occurred during this litigation.  However, that increase was based on a pre-suit fee agreement between counsel and Wirtz.  Eaton Decl. ¶ 11.  Moreover, the increase is modest and entirely reasonable based on the nature of the work.  In light of the skills, experience, and reputation of Wirtz's counsel, the court believes that the hourly rates are reasonable and consistent with prevailing market rates.  See Blum v. Stenson, 465 U.S. 886, at 895 n.11 (1984).

**B.    Reasonableness of Hours Expended**

The court next considers the reasonableness of the hours expended.  Wirtz's counsel seeks reimbursement for 273.51 attorney and support staff hours.  SLS challenges certain hours as excessive and relating to dismissed claims.  SLS also challenges the hours expended on Wirtz's claims against Chase, and seeks disclosure of Chase's settlement agreement with Wirtz.

SLS's argument that Wirtz's counsel's hours were excessive is unfounded.  Wirtz's counsel expended a reasonable number of hours on this lawsuit, which dealt with multiple parties, protracted attempts to avoid litigation, and detailed review of voluminous financial documents.

The parties dispute whether Wirtz's dismissed claims against SLS - breach of the implied covenant of good faith and fair dealing and violation of the FDCPA - closely relate to his successful RESPA and MOSLA claims.  "When a plaintiff obtains substantial relief and the lawsuit consists of closely related claims, the award is not reduced because plaintiff did not prevail on every argument asserted."  Shrader v. OMC Aluminum Boat Group, Inc., 128 F.3d 1218, 1220 (8th Cir. 1997).  Claims are closely related when they involve a common core of facts.  Id. at 1221; Hensley, 461 U.S. at 434-35.  Wirtz's dismissed claims relate closely to SLS's assertion that Wirtz had missed a mortgage loan payment.  Consequently, the court will not reduce the fee award on this basis.

SLS also argues that Chase, which is no longer a party, may have already paid Wirtz for some of the fees at issue pursuant to the settlement agreement.  However, Wirtz has asked the court to reduce its award of attorney's fees by the settlement amount paid by Chase and supports its request with adequate documentation.  The court will reduce Wirtz's attorney's fees request accordingly.[3]  As a result, the court awards Wirtz $45,468.50 in attorney's fees.

C.  **Costs**

Wirtz seeks reimbursement for, among other costs, a $400.00 filing fee and a $6.00 parking expense that Wirtz incurred while both Chase and SLS were parties to the suit.  He also seeks reimbursement for $25.00 spent to serve Chase and $62.92 for a car rental fee.  SLS objects to the costs incurred while Chase was a party to the lawsuit, and argues that the car rental fee is unreasonably high.  All of those costs - except for the service of process charge, and half of the filing fee and parking expense - are reasonable and will be awarded to Wirtz.  Wirtz is entitled to $1,286.83 in costs.

---

[3] The court denies SLS's request for disclosure of the settlement agreement for purposes of verifying the amount of fees paid to Wirtz by Chase.

**CONCLUSION**

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1.    The motion to reconsider [ECF No. 64] is granted as set forth above;

2.    The order dated May 9, 2016, [ECF No. 41] is amended as follows:

      A.    Any statement or indication that SLS admitted or acknowledged a misapplication of Wirtz's mortgage payment is stricken;

      B.    The order requiring SLS to stop reporting Wirtz's payments as delinquent is stricken;

      C.    The order requiring SLS to inform credit reporting agencies that Wirtz is not delinquent on his mortgage payments is stricken;

3.    Wirtz's request for damages, attorney's fees, and costs [ECF No. 43] is granted in part;

4.    Wirtz is awarded $80.00 in actual damages, $4,137.22 in statutory damages, $45,468.50 in attorney's fees, and $1,276.83 in costs;

5.    The motion to compel disclosure of settlement agreement [ECF No. 48] is denied; and

8

6.    The motion to strike [ECF No. 54] is denied.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated: September 26, 2016

                                    s/David S. Doty
                                    David S. Doty, Judge
                                    United States District Court