```
               UNITED STATES DISTRICT COURT
                  DISTRICT OF MINNESOTA
                Civil No. 15-2286(DSD/KMM)
```

Steven L. Wirtz,

       Plaintiff,

v.                                                 **ORDER**

Specialized Loan Servicing, LLC,

       Defendant.

     Carl E. Christensen, Esq., Daniel M. Eaton, Esq. and Christensen Law Office, PLLC, 800 Washington Ave. N., Suite 704, Minneapolis, MN 55401, counsel for plaintiff.

     Calvin P. Hoffman, Esq., James Schoeberl, Esq. and Stinson Leonard Street, LLP, 50 South Sixth Street, Suite 2600, Minneapolis, MN 55402, counsel for defendant.

     This matter is before the court upon remand from the Eighth Circuit Court of Appeals and on the cross-motions for summary judgment by defendant Specialized Loan Servicing, LLC (SLS) and plaintiff Steven L. Wirtz.[1] Based on a review of the file, record, and proceedings herein, and for the following reasons, the court grants SLS's motion and denies Wirtz's motion.

**BACKGROUND**

     The full background of this matter is set forth in the court's previous summary judgment order and the Eighth Circuit's decision

---

[1] Plaintiff also moved to certify a question to the Minnesota Supreme Court, but has since abandoned that motion. The court would deny the motion even if still before the court.

and will not be repeated here.  The court will set forth only those facts necessary to decide the narrow issue presented.

In an order dated May 9, 2016, the court determined that SLS violated the Real Estate Settlement Procedures Act (RESPA) by failing to adequately investigate and remedy an error in Wirtz's mortgage loan payment history.  ECF No. 41 at 8-9.  The court also determined that SLS violated the Minnesota Mortgage Originator and Servicer Licensing Act (MOSLA) given its RESPA violation.  Id. at 10-11.  With respect to damages, the court held that Wirtz had incurred $80.00 in actual damages[2] and $4,137.22 in statutory damages.  Id. at 12-13; ECF No. 67 at 3-4.  SLS appealed, arguing that it did not violate RESPA or MOSLA.

The Eighth Circuit agreed with the court that SLS had violated RESPA by failing to conduct a reasonable investigation into Wirtz's loan payment history and by failing to provide requested information about the loan history since its origination.  Wirtz v. Specialized Loan Servicing, LLC, 886 F.3d 713, 718 (8th Cir. 2018).  The Eighth Circuit concluded, however, that Wirtz had failed to establish actual damages caused by the RESPA violations:

> The bank records that Wirtz obtained for 2012 and 2013 were irrelevant to the dispute whether Wirtz's loan payments were past due before June 2011.  Wirtz did not pay $80 for bank records from 2012 and 2013 "as a result of" [SLS's] failure to investigate and provide information about the pre-2011 payment history.  We therefore conclude that Wirtz did not submit sufficient evidence of actual damages under RESPA.

---

[2] Wirtz paid $80.00 to obtain copies of his bank statements from January 2012 through November 2013.

Id. at 719. Because actual damages are required under RESPA before "additional" damages can be awarded, the Eighth Circuit also reversed the award of statutory damages.[3] Id. at 719-20; 12 U.S.C. § 2605(f)(1)(B).

As to the MOSLA claim, which is premised on the RESPA violation, the Eighth Circuit reversed and remanded for a determination as to whether MOSLA provides a cause of action when a loan servicer violates a federal law regulating mortgage loans, such as RESPA, but where there is no federal cause of action. Id. at 721. The parties now move for summary judgment on that issue.

## DISCUSSION

### I. Standard of Review

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A fact is material only when its resolution affects the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party. Id. at 252.

---

[3] The Eighth Circuit also rejected Wirtz's argument that SLS engaged in a "pattern or practice of noncompliance" under RESPA. Id. at 720-21.

On a motion for summary judgment, the court views all evidence and inferences in a light most favorable to the nonmoving party. Id. at 255. The nonmoving party, however, may not rest on mere denials or allegations in the pleadings but must set forth specific facts sufficient to raise a genuine issue for trial. Celotex, 477 U.S. at 324. A party asserting that a genuine dispute exists – or cannot exist – about a material fact must cite "particular parts of materials in the record." Fed R. Civ. P. 56(c)(1)(A). If a plaintiff cannot support each essential element of a claim, the court must grant summary judgment because a complete failure of proof regarding an essential element necessarily renders all other facts immaterial. Celotex, 477 U.S. at 322-23.

**II. Minnesota Mortgage Originator and Servicer Licensing Act**

MOSLA prohibits a mortgage servicer from violating "federal law regulating residential mortgage loans." Minn. Stat. § 58.13, subdiv. 1(a)(8). As discussed above, although SLS violated RESPA, Wirtz does not have an actionable RESPA claim because Wirtz did not sustain actual damages as a result of that violation. The narrow issue now before the court on remand is whether Wirtz has a cause of action against SLS under MOSLA based on SLS's RESPA violation even though he has sustained no actual damages and thus has no actionable claim under RESPA.

MOSLA creates a private right of action for a borrower "injured by" a violation of its provisions. Minn. Stat. § 58.18,

4

subdiv. 1. An injured borrower is entitled recover the following categories of damages:

    (1) actual, incidental, and consequential damages;

    (2) statutory damages;

    (3) punitive damages if appropriate; and

    (4) court costs and reasonable attorney fees.

Id. According to SLS, this means that a borrower must be "injured by" a MOSLA violation in order to maintain a claim. Wirtz argues that he has a private right of action even in the absence of injury because the court has already concluded that SLS violated RESPA and, therefore, MOSLA. Wirtz relies heavily on Gretsch v. Vantium Capital, Inc., 846 N.W.2d 424 (Minn. 2014) to support his position. His reliance is misplaced.

Gretsch involved the question of whether a borrower had standing to sue under MOSLA even though she was not a party to the contract at issue between her loan servicer and Fannie Mae. 846 N.W.2d at 429. The Minnesota Supreme Court held that the borrower had standing to sue notwithstanding her lack of privity because she alleged an injury flowing from her loan servicer's breach of the contract. Id. at 429. The court relied on MOSLA's plain language broadly conveying standing to a borrower "injured by" a MOSLA violation. Id.

In contrast, the issue presented here is not whether Wirtz has standing to sue SLS, but rather whether he is required to establish

5

an injury in order to prevail under MOSLA. See Wooden v. Bd. of Regents of Univ. Sys. of Ga., 247 F.3d 1262, 1280 (11th Cir. 2001) ("A finding that plaintiff has standing simply means that the plaintiff is entitled to 'walk through the courthouse door' and raise his grievance before [the] court; it is a threshold determination that is conceptually distinct from whether the plaintiff is entitled to prevail on the merits."). The only courts that have addressed this issue have unequivocally determined that injury is in fact required. See Bredlow v. CitiMortgage, Inc., No. 15-3087, 2016 WL 310728, at *7 (D. Minn. Jan. 26, 2016) (holding that to state a claim a borrower must allege injury caused by the conduct of a originator or servicer because MOSLA only provides a right of action for a borrower "injured by a violation"); Winkler v. GMAC Mort., LLC, No. 12-46, 2012 WL 1883916, at *4 (D. Minn. May 22, 2012) (holding that plaintiffs' lack of actual damages foreclosed their MOSLA claim because "an element of a claim under § 58.13 is damages"). The court agrees with the straightforward analysis in those cases and likewise concludes that Wirtz's lack of injury is fatal to his claim under MOSLA.

Wirtz argues that even if the court decides that injury is necessary to maintain a claim under MOSLA, the Eighth Circuit's holding with respect to the $80.00 Wirtz expended to obtain bank records does not preclude a finding of actual damages for purposes of MOSLA. The court disagrees. The MOSLA violation is predicated

solely on the RESPA violation. If there were no actual damages under RESPA, then there are no actual damages under MOSLA.

## CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1. SLS's second motion for summary judgment [ECF No. 93] is granted;

2. Judgment is entered in favor of SLS on the RESPA and MOSLA claims;

3. Wirtz's second motion for summary judgment [ECF No. 98] is denied; and

4. This action is dismissed with prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: December 10, 2018

s/David S. Doty<br>
David S. Doty, Judge<br>
United States District Court